(Name) LeRoy Willis JR 7770645
(Address) 1173 Front St SD, CA
(City, State, Zip) 92101
(CDC Inmate No.) Booking # 7770645

FILED
2008 MAY -9, PM 2:24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___Bm___ DEPUTY

2254 ___  1983 ✓
FILING FEE PAID
Yes ___  No ✓
IFP MOTION FILED
Yes ✓  No ___
COPIES SENT TO
Court ✓  Pro Se ___

United States District Court
Southern District of California

(Enter full name of plaintiff in this action.)

LeRoy Willis JR, Plaintiff,
vs.
W-Bill Kollender CHIEF
Richard Liekweg DEPUTY ET AL
UCSD Health Care CMO
(Enter full name of each defendant in this action.)
Deputy Anderson - Defendant(s) ET AL
Deputy Katra

08 CV 0844 JAH JMA
Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. **Plaintiff**: This complaint alleges that the civil rights of Plaintiff, LeRoy Willis JR (print Plaintiff's name), who presently resides at 1173 Front St SD CA 92101 (mailing address or place of confinement), were violated by the actions of the below named individuals. The actions were directed against Plaintiff at 200 West Arbor Drive SD, CA 92103 and UCSD (institution/place where violation occurred) on 2-18-02 (Count 1) 3-16-08 (Count 2) ___ (Count 3).

2. **Defendants**: (Attach same information on additional pages if you are naming more than 4 defendants.)

County of San Diego Claims 2-20-08

SDCJ

§ 1983 SD Form
(Rev. 5/98)

::ODMA\PCDOCS\WORDPERFECT\22834\1

Defendant (name): **(CHIEF) W.B. Kollender ET, AL**
resides in (County of residence): **P.O. Box 939062, SD, CA 92193**
and is employed as a (defendant's position/title (if any)): 
This defendant is sued in his/her ☒ individual ☒ official capacity.
Explain how this defendant was acting under color of law: **EXCESSIVE FORCE VIOLATES EIGHT AMENDMENT OF U.S. CONSTITUTION**

Defendant (name): **(CMO) RICHARD LIEKWEG ET, AL**
resides in (County of residence): **200 W. ARBOR DR. SD CA, 92103**
This defendant is sued in his/her ☒ individual ☒ official capacity.
Explain how this defendant was acting under color of law: **EXCESSIVE FORCE VIOLATES EIGHT AMENDMENT OF U.S. CONSTITUTION**

Defendant (name): **D-Anderson**
resides in (County of residence): **P.O. BOX 939062, SD, CA 92193**
This defendant is sued in his/her ☒ individual ☒ official capacity.
Explain how this defendant was acting under color of law: **DEPUTY ANDERSON EXCESSIVE FORCE VIOLATES U.S. CONSTITUTION**

Defendant (name): **D-KATRA**
resides in (County of residence): **P.O. BOX 939062, SD, CA 92193**
This defendant is sued in his/her ☒ individual ☒ official capacity.
Explain how this defendant was acting under color of law: **DEPUTY KATRA EXCESSIVE FORCE VIOLATES EIGHT AMENDMENT OF U.S. CONSTITUTION**

NOTE: All above violated Eight Amendment under Cruel And Unusal Punishment By Excessive Force And A Deliberate In Difference To A Serious Medical Need. W.B. Kollender, UCSD-CMO ET, AL

§ 1983 SD Form (Rev. 5/98)

**C. Causes of Action.** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: EXCESSIVE FORCE PSA EIGHT AMENDMENT VIOLATION (E.g., right to medical care, access to courts, due process, free speech, freedom of association, freedom from cruel and unusual punishment, etc.) AND DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED = CRUEL AND

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, by name, did to violate the right alleged in Count 1.] UNUSUAL PUNISHMENT ALSO

(DEPUTY ROLEN) AND DEPUTY JENNINGS ( CHANGED SHIFTS ON 2-18-02 UCSD Hillcrest SD.CA — CARDIAC FLOOR — WITH Two young DEPUTYS (KATRA-ANDERSON) IN THE MORNING AM. NURSES CORD HAD BEEN PLACED ON CHAIR DUE TO SNORING BY MR WILLIS. DEPUTY ROLENS FELT HE COULD NOT HEAR TV CLEAR SPEAKER FOR TV's ON NURSES CORD SO IT WAS REMOVED FROM MY BED. A NURSE ENTERED ROOM AFTER SHIFT CHANGED A CALLED INMATE IN BED NEXT TO ME BY MY NAME LEROY WILLIS JR BECAUSE HE HAD OWN^ INCORRECT WRISTBAND. WHEN I ASKED NURSE WHAT WAS GOING ON SHE RAN OUT OF ROOM WHEN I REACHED FOR MY NURSE CORD WHILE LAYING ON MY BACK FEET AND RIGHT HAND CHAINED

§ 1983 SD Form (Rev. 5/98)

Count 2: The following civil right has been violated: **EXCESSIVE FORCE – CRUEL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED DOCS ALSO.**

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

→ OVER TO BED DEPUTY – ANDERSON SNATCHED CORD. He leaped up from his chair LOCATED AT THE END OF UCSD HOSPITAL BED AND SNATCHED CORD FROM SOCKET. DEPUTY KATRA leaped up AND STARTED TO CHOKE ME OYEA SCREAMING SHUT UP I HAD BREATHING NOSSLE IN MY NOSE. NEXT THING I KNOW KATRA THROWING MY HEAD BACK AND FOURTH ON BED THEN THERES A BLOW THROWN MY LEFT EYE IS FRACTURED FROM PUNCH THROWN BY ANDERSON ALL BEHIND CMO RICHARD liekweg HOSPITAL UCSD MIX UP WITH ID MEDICAL BAND AND THERE FAILURE TO INSTRUCT DEPUTY WHO CHANGED SHIFTS ON 2-18-02 SEE MEDICAL REPORT ATTACHED.

Count 3: The following civil right has been violated:

(E.g., right to medical care, access to courts,

§ 1983 SD Form (Rev. 5/98)

4

::ODMA\PCDOCS\WORDPERFECT\22834\1

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

→ OVER WITH DEPUTY ROLENS THAT THE THE NURSE CORD GOES IN THE BED OF PATIENT. PATIENT LAYING ON HIS BACK CHAINED TO BED AFTER INCIDENT IS OVER AND OCCURED. DEPUTY WRITE UP A COVERED UP REPORT TO HIDE THERE ACTION AND THEY FORWARD INCIDENT TO D.A. OFFICE. CASE WAS "REJECTED. THEY NEVER HAD A RULE VIOLATION HEARING NO CONDUCT CREDIT LOSS. JUST PLACED ME A HIGH RISK ESCAPE INMATE. @ LIED ON ME AND CONTINUES TO ALLEGE ALL MADE UP LIES IN THERE COMPUTER. THEY ARE CORRUPT

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ● No.

UCSD COPY OF MEDICAL REPORT 1 OF 3. 2002

§ 1983 SD Form (Rev. 5/98)            5            ::ODMA\PCDOCS\WORDPERFECT\22834\1

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____
Defendants: _____ N/A _____
(b) Name of the court and docket number: __N/A_____
_____

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] _____
_____

(d) Issues raised:
_____
_____ N/A _____
_____
_____
_____

(e) Approximate date case was filed: _____.
(f) Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ■Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

COUNTY ADMIN COUNTY CLAIMS OFFICE
1600 PACIFIC HIGHWAY SD, CA 92101
(6-18-02)
REPLY FROM COUNTY ATTACHED

HAVEING (1-16-08) 2-20-08 REPLY FROM COUNTY
NIGHTMARES. DOUBLE VISION
FROM (2002) INCIDENT
THAT HAS OCCURED 2-18-02 1-16-08 HEAd PAIN
NIGHTMARES
Double Vision

§ 1983 SD Form
(Rev. 5-98)

E. **Request for Relief**

Plaintiff requests that this Court grant the following relief: BASED ON SKIN COLOR

1. An injunction preventing defendant(s): MEDICAL TREATMENT DENIED BY LICSD DOCTOR FOR CLINIC VISIT DOCTOR GARY VILKE 1-14-08

DOCTOR DAVIS ORDERED CLINIC VISIT.

2. Damages in the sum of $ 500,000.00
3. Punitive damages in the sum of $ 500,000.00
4. Other: _____

F. **Demand for Jury Trial**

A MALE THIS YOUNG AND MY DIAGNOSIS I SHOULD BE SEEN OFTEN. AND CT SCAN PREFORMED.

Plaintiff demands a trial by ● Jury ☐ Court. (Choose one.)

G. **Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

3-25-08
Date

Leroy Willis Jr
Signature of Plaintiff

Please note incident report from 2002 of Feb 18 incident # 21000411 is important. District Attorney office rejected there claim. There abusive conduct is never there fault. There invistigations are void bias. UCSD Hospital arm medical band mixup contributed to my left eye fracture, nightmares and double vision in eye has occured on morning of 1-16-08 burning left eye head pain.

Since 2002 incident I have been in there ADSEG for there attack on me. They attempted to brainwash me.

2002 sent to prison on cocaine charges 2005 returned to SDCJ on theft charges housed back in ADSEG. 2007 paroled 2007 rearrested housed back in ADSEG. Refused clinic visit for eye and heart. UCSDCMO claims its not important. My vision

V. **After Complaint Is Filed**

You will be notified as soon as the court issues any order in your case. It is your responsibility to keep the court informed of any changes of address to ensure you receive court orders. Failure to so do may result in dismissal of your action.

VI. **Repeat Filers**

If you are seeking leave to proceed in forma pauperis and, while incarcerated or detained, you have filed §§ 1983 actions on three or more prior occasions which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, you may not file a new §§ 1983 action unless you are under imminent danger of serious physical injury. 28 U.S.C. §§ 1915(g).

VII. **Inquiries and Copying Requests**

Because of the large volume of cases filed by inmates in this court and very limited court resources, the court can no longer answer questions concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page. You must therefore keep copies of all documents submitted to the court for your own records.

PETITIONER Willis HAS SORES ON leg FROM EITHER THE SHOES ISSUED THAT ARE FULL OF BACTERIA ARE THE DYE IN THE gReen Jump suit. Seen UCSD DERMATOlogist in 2006 Results FROM SKIN Biopsy SHOWED TWO Types OF SKIN DIEASE one WITH A unKnown CAuSE. THERE SHOE IS A SHOWER SHOE WHICH MAKES MY SKIN ON MY leg ITCH & SORES BREAKOUT. SORES on ElboW Also

PrisonerCiv4-06.wpd



**UCSD Healthcare**

DISCHARGE SUMMARY                                            PAGE:   1 OF  3
02/23/02                                 0807725
                                         WILLIS LEROY J
                                         06/02/1958   83687731

Dictating Practitioner:   Guillermo Castillo, M.D.
Attending Physician:      Kirsten L. Searfus, M.D.

Date of Admission:     02/16/2002
Date of Discharge:     02/23/2002

DISCHARGE DIAGNOSES: (1) New onset congestive heart failure. (2) Hypertension. (3) Diagnosis of sarcoid. (4) Left orbital fracture. (5) Hypertension.

RESIDENT: Dr. Tanja Crockett

INTERN: Dr. Guillermo Castillo.

PRESENT ILLNESS: The patient is a 43-year-old male with a history of polysubstance abuse, who presented from jail with a one-month history of increasing dyspnea on exertion and chest pain while climbing stairs that resolves at rest. No previous history of myocardial infarction. Please see H&P for more details.

LABORATORY DATA/EKG/X-RAYS: The patient had a chest x-ray on February 16, 2002, which showed bilateral wing appearance of pulmonary opacities consistent with pulmonary edema, mildly enlarged cardiac silhouette, and bilateral hilar fullness, and subcarinal lymphadenopathy. On February 17, 2002, the patient had another chest x-ray which was unchanged from the study on February 16, 2002. CT scan on February 22, 2002, demonstrated a left inferior orbital fracture with entrapment of the inferior rectus muscle. This also showed a fracture of the medial wall of the left orbit and fluid in the maxillary and ethmoid sinuses. A MIBI on February 19, 2002, showed no areas suggesting any current ischemia but did show fixed inferior wall motion and absent wall motion to the distal inferior walls consistent with a prior myocardial infarction. This also showed a marked decrease in ejection fraction of 21% and global hypokinesis.

HOSPITAL COURSE: (1) Congestive heart failure: Chest x-ray was consistent with a congestive heart failure picture. The patient initially was ruled out for myocardial infarction with negative cardiac enzymes times three. We also sent out urine tox screen for possible toxic etiology of congestive heart failure which returned negative. Considering the patient's history of intravenous drug abuse, that was a reasonable concern. The patient was put on 20 mg p.o. q.day of Lasix initially and diuresed to -600 cc on the first night of admission. Lungs continued to sound wet and the patient was increased to 40 mg p.o. b.i.d. of Lasix on day number two.

By hospital day number three the patient had been diuresed to -3.2 liters and lung exam was much improved. The patient was 96% on room air through hospital stay. Chest x-ray on February 17, 2002, had no improvement from the previous study, though clinically the patient had been much more comfortable.

A MIBI on February 19, 2002, showed an ejection fraction of 21%, large

University of California, San Diego
200 WEST ARBOR DRIVE, SAN DIEGO, CALIFORNIA 92103-8825
151-350(R4-89)5



**UCSD Healthcare**

DISCHARGE SUMMARY
02/23/02

PAGE:   2 OF   3
0807725
WILLIS LEROY J
06/02/1958   83687731

heart size, and left inferior wall infarct, but no evidence of current ischemia.

Cardiology consult saw the patient and believed congestive heart failure likely to be secondary to sarcoid versus hypertension secondary to cocaine or amphetamines, and suggested blood pressure control with ACE inhibitor, carvedilol, and possibly steroids for his sarcoid etiology. They also suggested getting a biopsy of the mediastinal lymphadenopathy for definite diagnosis.
The patient was kept in house for cath biopsy on February 25, 2002, but the patient refused the procedure at the last minute.
The patient was sent back to the custody of the sheriff's on February 25, 2002, on carvedilol, benazepril, and aspirin, and advised to follow up with Cardiology as soon as possible for the cath biopsy and definitive diagnosis.

(2) Sarcoid: The patient reported a diagnosis of sarcoid years in the past and chest x-ray did show perihilar lymphadenopathy. Cardiology believed his cardiac problems could be secondary to a sarcoid, but the patient refused biopsy for definitive diagnosis and therefore the patient could not be sent out on prednisone therapy. The patient did receive two days of 40 mg q.day of prednisone while in house, but as stated before, the patient was sent out without prednisone therapy because we could not get a definitive diagnosis of a sarcoid.

(3) Shortness of breath: The patient presented with complaints of increasing shortness of breath and chest x-ray was consistent with congestive heart failure, but focal infiltrate could not be ruled out. The patient was started on azithromycin on admission and finished a five-day course of azithromycin while in house. The patient initially on presentation was on 1 liter of O2 by nasal cannula, but over the first hospital night the patient was weaned to room air and remained above 93% on room air while in house. The patient was also given MDI therapy per RT protocol while in house but did not need any treatment while he was here. The patient was discharge in stable condition, in no acute distress, sating 96% on room air.

(4) Chest pain: The patient was ruled out for acute myocardial infarction with cardiac enzymes times three that were negative. EKG was within normal limits, but the patient was kept on Telemetry while in house. He did have self resolving runs of PVCs that were asymptomatic. Blood pressure was controlled on 10 mg q.day of carvedilol while in house and the patient remained cardiovascularly stable. The patient was also started on aspirin therapy at 325 mg q.day and 5 mg p.o. of benazepril per Cardiology recommendations. The patient did not have any chest pain while in house but was written for nitroglycerin 1 inch of the nitropaste q.8h p.r.n. chest pain.

(5) Left orbital fracture: On the second hospital day the patient was in an altercation with police officers regarding his room. The patient was struck in the left eye by an officer and the following morning during

University of California, San Diego
200 WEST ARBOR DRIVE, SAN DIEGO, CALIFORNIA 92103-8825
151-350(R4-99)5


**UCSD Healthcare**

PAGE:    3 OF    3

DISCHARGE SUMMARY                           0807725
02/23/02                                    WILLIS LEROY J
                                            06/02/1958   83687731

rounds complained of a swollen left eye and he was unable to open. The
patient was sent to Ophthalmology for consultation on February 19, 2002,
and did receive a head CT. Ophthalmology saw a nondisplaced left orbital
fracture. The patient was followed by Ophthalmology while in house.
Vision remained grossly intact and extraocular muscles were intact.
Swelling decreased through his hospital stay and the patient was discharged
with an improving left orbital fracture and one week followup with
Ophthalmology.

DISCHARGE MEDICATIONS: Benazepril 20 mg p.o. q.day, carvedilol 6.25 mg
p.o. b.i.d., aspirin 325 mg q.day, Bumex 1 mg p.o. q.a.m.
CONDITION ON DISCHARGE: Stable and improving condition.

DISCHARGE FOLLOWUP: Followup with Cardiology as soon as possible for cath,
biopsy, and definitive diagnosis of the precipitating conditions for his
congestive heart failure. He is also to follow up with Ophthalmology in
one week for his orbital fracture.


DD: 04/09/2002    DT:  04/10/2002  1:03 P       DocNo.:  367562
GC/r10D100BD08.UCC


        Referring Physician:
        NONE PER PATIENT


        Primary Care Physician:
        NONE PER PATIENT


cc:



SIGNED 04/15/02 1305 BY GUILLERMO CASTILLO M.D.
    ELECTRONIC SIGNATURE DERIVED FROM A SINGLE CONTROLLED ACCESS PASSWORD

University of California, San Diego
200 WEST ARBOR DRIVE, SAN DIEGO, CALIFORNIA  92103-8825
151-350(R4-99)S



# County of San Diego

OFFICE OF COUNTY COUNSEL
CLAIMS AND INVESTIGATION DIVISION
1600 PACIFIC HIGHWAY, ROOM 355, SAN DIEGO, CALIFORNIA 92101-2469

February 20, 2008

Leroy Willis
7770645
P.O. Box 122952
San Diego, California 92112

Re: Claimant: Leroy Willis
    County File Number: 020204
    Date of Incident: February 18, 2002

Dear Leroy Willis:

Please find enclosed the claim form received Febuary 15, 2008. **Please be advised that final action was taken on your claim regarding this incident on June 18, 2002.** Attached is a copy of the rejection notice. No further action will be taken by this office regarding the claim including your new allegation of nightmares.

                              Sincerely,

                              Office of County Counsel
                              Claims and Investigation Division
                              (619) 531-4899



**CLAIM AGAINST THE COUNTY OF SAN DIEGO**
(FOR DAMAGES TO PERSONS OR PERSONAL PROPERTY)

Received by _____ via
U. S. Mail           ☐
Inter-Office Mail    ☐
Over the Counter     ☐

County of San Diego
FEB 15 2008
County Counsel
Claims Section

File No.: _____

A claim must be filed with the Claims Division of the County of San Diego within 6 months after which the incident or event occurred. Be sure your claim is against the County of San Diego, not another public entity. Where space is insufficient, please use additional paper and identify information by paragraph number. Completed claims must be mailed or delivered to: *County of San Diego, Claims Division, 1600 Pacific Highway, Room 355, San Diego, CA  92101-2469, phone (619) 531-4899.*

---

## TO THE HONORABLE BOARD OF SUPERVISORS, The County of San Diego, California

The undersigned respectfully submits the following claim and information relative to damage to persons and/or personal property:  NIGHTMARES from ATTACK BY SWCS.

1. Name of Claimant: Mr Leroy Willis Jr
   Last Name / First Name / Middle Name

A. Address of Claimant: P.O. Box 722952  SD, CA 92172
   Street Address / City / Zip

B. Home Phone No.: _____  Work Phone No.: 498-8096  C. Birthdate: ___ El Centro CA

D. Social Security No.: Private   E. Driver's License No.: N5115247

2. Name, telephone and post office address to which claimant desires notices to be sent if other than above: _____

3. Occurrence or event from which the claim arises: A. Date: Feb-18-02   B. Time: AM

C. Place (exact and specific location): UCSD Medical Hospital SD, CA FRACTURED EYE, X RAY CONCLUDED RESULTS

D. Specify the particular occurrence, event, act or omission you claim caused the injury or damage (use additional paper if necessary): FRACTURED LEFT EYE BY DEPUTY ANDERSON AND KATRA-Bill Kollender FAILED TO PROPERLY TRAIN DEPUTY. UCSD FAILED TO PROTECT INMATE WILLIS. MEDICAL ID BAND MIX UP. NURSE CORD MIX UP

E. State how or wherein the County of San Diego or its employees were at fault. Give the name(s) of the County department and employee(s) causing the damage or injury: Bill Kollender FAILED TO TRAIN DEPUTYS CONCERNING MEDICAL INMATE ISSUES. UCSD CHIEF MEDICAL OFFICER FAILED TO TRAIN THERE EMPLOYEES. MEDICAL WRIST BAND MIX UP. WRONG NAME ON WRISTBAND OF PATIENT IN THE ROOM WITH MR WILLIS. BOTH PATIENTS HAD THE NAME OF LEROY WILLIS ON THERE WRIST IN ROOM

CD 1 (Rev. 6/91)   (Over)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Leroy Willis, Jr.

DEFENDANTS

Kolender, et al

FILED
2008 MAY -9 PM 2:24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

2254 ___ 1983 ✓
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ___ Pro se ___

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Leroy Willis, Jr.
1173 Front Street
San Diego, CA 92101
BK# 7770645

ATTORNEYS (IF KNOWN)

'08 CV 0844 JAH JMA

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |
|---|---|
| ☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party) | PT  DEF   PT  DEF  Citizen of This State ☐1 ☐1  Incorporated or Principal Place of Business in This State ☐4 ☐4 |
| ☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐2 ☐2  Incorporated and Principal Place of Business in Another State ☐5 ☐5 |
|  | Citizen or Subject of a Foreign Country ☐3 ☐3  Foreign Nation ☐6 ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE  5/9/2008

SIGNATURE OF ATTORNEY OF RECORD
R. Willis