1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

LEROY WILLIS, Jr.,
Inmate Booking No. 7770645

                                    Plaintiff,

          vs.

BILL KOLENDER, et al.,

                                    Defendants.

Civil No.    08-0844 JAH (JMA)

**ORDER:**

**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**

**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1).**

          Plaintiff, a pre-trial detainee currently incarcerated at the San Diego Central Jail, located in San Diego, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to

1   commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP")

2   pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

3   **I.      Motion to Proceed IFP**

4          All parties instituting any civil action, suit or proceeding in a district court of the United

5   States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

6   U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only

7   if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

8   *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however,

9   remain obligated to pay the entire fee in installments, regardless of whether the action is

10  ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

11         Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

12  prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

13  statement (or institutional equivalent) for the prisoner for the six-month period immediately

14  preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  From the certified trust account

15  statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

16  in the account for the past six months, or (b) the average monthly balance in the account for the

17  past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C.

18  § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  That institution having custody of the prisoner must

19  collect subsequent payments, assessed at 20% of the preceding month's income, in any month

20  in which the prisoner's account exceeds $10, and forward those payments to the Court until the

21  entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

22         The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

23  § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

24  28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that

25  he has insufficient funds from which to pay filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4)

26  (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or

27  appealing a civil action or criminal judgment for the reason that the prisoner has no assets and

28  no means by which to pay the initial partial filing fee.");  *Taylor*, 281 F.3d at 850 (finding that

1  28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case

2  based solely on a "failure to pay . . . due to the lack of funds available to him when payment is

3  ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and

4  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350

5  balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

6  pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

7  **II.    Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

8         **A.    Standard of Review**

9         The PLRA also obligates the Court to review complaints filed by all persons proceeding

10  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

11  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

12  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

13  practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

14  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

15  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

16  defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254

17  F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited

18  to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that

19  28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma*

20  *pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir.

21  2000) (§ 1915A).

22         Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

23  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is

24  frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

25  324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court

26  reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting

27  service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*,

28  254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601,

1  604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur

2  "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d

3  1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

4      "[W]hen determining whether a complaint states a claim, a court must accept as true all

5  allegations of material fact and must construe those facts in the light most favorable to the

6  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

7  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at

8  1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-*

9  *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly

10  important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In

11  giving liberal interpretation to a pro se civil rights complaint, however, the court may not

12  "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of*

13  *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

14      **B.      Failure to State a Claim**

15      As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim

16  under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a

17  claimant:  (1) that a person acting under color of state law committed the conduct at issue, and

18  (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

19  Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S.

20  637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)

21  (en banc).

22      The allegations in Plaintiff's Complaint are nearly incomprehensible.  It appears that

23  Plaintiff may be claiming that excessive force was used against him by San Diego Sheriff

24  Deputies while he was in a hospital bed at UCSD Medical Center.   According to the first page

25  of Plaintiff's Complaint, the incident that gives rise to Plaintiff's claims occurred at "USCD 200

26  West Arbor Drive" on February 18, 2002.  (Compl. at 1.)    However, in reviewing the

27  Complaint, it is simply to difficult to understand the underlying factual allegations that Plaintiff

28  claims give rise to the alleged constitutional violation. A complaint is frivolous "where it lacks

1  an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here,

2  the Court finds Plaintiff's claims to be frivolous under 1915(e)(2)(B) because they lack even "an

3  arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional."

4  *Neitzke*, 490 U.S. at 325, 328. While the Court will provide Plaintiff with one opportunity to

5  amend his Complaint, he must provide clearer factual allegations in his Amended Complaint.

6      Moreover, the Court finds that Plaintiff's Complaint is subject to sua sponte dismissal

7  because it appears from the face of Plaintiff's pleading that his claims are barred by the statute

8  of limitations. While Congress has provided no federal statute of limitations governing section

9  1983 claims, the Supreme Court has held that federal courts should use the forum state's single

10  most appropriate statute of limitations applicable to personal injury actions for all section 1983

11  claims. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Relying on *Wilson*, the Ninth Circuit

12  has found that the one-year statute of limitations of California Code of Civil Procedure § 340(3)[1]

13  is the most appropriate. *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987);

14  *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Federal law,

15  however, determines when a section 1983 cause of action accrues. *Hardin v. Staub*, 490 U.S.

16  536, 543-44 (1989). Under federal law, a claim generally accrues when the plaintiff "knows or

17  has reason to know of the injury which is the basis of the action." *Elliot v. City of Union City*,

18  25 F.3d 800, 802 (9th Cir. 1996) (internal citations omitted).

19      While not entirely clear, it appears as though Plaintiff alleges that the actions by

20  Defendants which allegedly violated his constitutional rights occurred on February 18 and 20,

21  2002. (Compl. at 1.) However, Plaintiff filed this action on May 9, 2008, over six years after

22  he claims that Defendants violated his constitutional rights.

---

[1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from wrongful act or neglect . . . ." CAL. CIV. CODE § 340(3). On January 1, 2003, this code section was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions. However, the longer period found in § 335.1 is inapplicable to Plaintiff's action. *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (holding that under California law, an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations unless the Legislature explicitly provides for such an extension).

Plaintiff does not allege any facts to suggest how or why California's one-year statute of limitations might be tolled for a period of time which would make his claims timely. *See*, *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice."). Assuming that Plaintiff has been incarcerated since 2002, pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in 2002, would be tolled for two years. California's one-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants no later than sometime in 2005.

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). If Plaintiff chooses to amend his Complaint, he must plead facts sufficient to support the equitable tolling of his claims.

Accordingly, the Court finds that Plaintiff's Complaint must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## III.    Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2)    The Watch Commander, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly

payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3)     The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92112-2952.

**IT IS FURTHER ORDERED** that:

(4)     Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

DATED:  July 14, 2008

JOHN A. HOUSTON
United States District Judge